UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 04-

HEIDI K. ERICKSON
    Plaintiff

VS.

VERIFIED COMPLAINT

04-11607 DPW

COMMONWEALTH OF MASSACHUSETTS
Mitt Romney, Governor, Commonwealth of Massachusetts,
Douglas Gillespie, Commissioner, Department of Agricultural Resources, (MDA)
Lorraine O'Connor, Inspector of Animals Department of Agricultural Resources, (MDA)
Kent Lage, Deputy Director, Department of Agricultural Resources, (MDA)
Brad Mitchell, Associate Director, Department of Agricultural Resources, (MDA)
Thomas Reilly, Attorney General, Commonwealth of Massachusetts
ANIMAL RESCUE LEAGUE (ARL)
Arthur Slade, President, ARL
Paul J. Brennan, Chairman, ARL
Jami A. Loh, Treasurer, ARL
Kathleen D. Garvey, As Trustee Member of the ARL Board
Mrs. Jeffery E. Marshall, As Trustee Member of the ARL Board
Richard A. Hall, As Trustee Former Chairman
Dr. Holly Kelsey, As Trustee Member of the ARL Board
Mrs. Alexander Bright, As Trustee Member of the ARL Board
Ms. Bright, Executrix of the Estate of Mrs. Alexander Bright
Sierra Bright, As Trustee Member of the ARL Board
Stuart B. Strong, Jr., As Trustee Member of the ARL Board
John L. Worden, III, As Trustee Member of the ARL Board
June E. Shank, As Trustee Member of the ARL Board
Franklin King, Jr. As Trustee Member of the ARL Board
Megan Sansons As Trustee Member of the ARL Board
David O'Donahoe As Trustee Member of the ARL Board
Hewitt Morgan, Jr. As Trustee Member of the ARL Board
Mary Hatch, As Trustee Member of the ARL Board
Robert Golledge, aka Roberta Golledge, Rev., As Trustee Member of the ARL Board
Martha Smith, Employee ARL
    Defendants

**PARTIES**

1. The Plaintiff is a citizen of the United States, and a resident of the State of Massachusetts and owner of animals held under a fraudulently procured and maliciously maintained quarantine issued and maintained by Defendants who are unlawfully withholding from Plaintiff her property known as a colony of gentle and beloved purebred Persians.

1

2. Mitt Romney, named a Defendant herein and is being sued in his profession capacity as Governor of the Commonwealth of Massachusetts overseer and respondent superior of the Executive Branch of the Commonwealth of Massachusetts and in particular to respondent superior over the Department of Agriculture and individually as responsible to Plaintiff Erickson and responsible for the supervision and training of his employees, and agents. "Romney" also "Governor" at all material times has a duty, is responsible and duly elected, employed by the Commonwealth of Massachusetts during all relevant times hereto knowingly deprived Plaintiff her property rights secured by the Constitution and inflicted severe emotional pain.

3. Douglas Gillespie, named a Defendant herein and is being sued in his profession capacity as Commissioner, Massachusetts Department of Agricultural Resources, Bureau of Animal Health (MDA), and individually as responsible to Plaintiff Erickson and responsible for the supervision and training of his employees, agents and responsible to report animal abuse, and veterinarian malpractice. "Gillespie" at all material times has a duty, is responsible and duly appointed by Defendant Romney, employed by the Commonwealth of Massachusetts during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and Lorraine O'Connors.

4. Lorraine O'Connors named a Defendant herein and is being sued in her profession capacity as Animal Inspector, Massachusetts Department of Agricultural Resources, Bureau of Animal Health (MDA), and individually as responsible to Plaintiff Erickson and responsible for the supervision and training of his employees, agents and responsible to report animal abuse, and veterinarian malpractice. "O'Connor" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and the Animal Rescue League.

5. Kent Lage, named a Defendant herein and is being sued in his professional capacity as Deputy Director, Massachusetts Department of Agricultural Resources, Bureau of Animal Health (MDA) and individually as responsible to Plaintiff Erickson and responsible for the supervision and training of his employees, agents and responsible to report animal abuse, and veterinarian malpractice. "O'Connor" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and the Animal Rescue League.

6. Brad Mitchell named a Defendant herein and is being sued in his professional capacity as an employee of the Massachusetts Department of Agricultural Resources, Bureau of Animal Health (MDA) and individually as responsible to Plaintiff Erickson and responsible for the supervision and training of his employees, agents and responsible to report animal abuse, and veterinarian malpractice. "O'Connor" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and the Animal Rescue League.

7. Collectively the Massachusetts Department of Agricultural Resources, Bureau of Animal Health (MDA) its Commissioner, employees mentioned hereinabove are hereinafter referred to as MDA and its refusal to release Plaintiff's property unconstitutional and conspired with the ARL to deprive Plaintiff unconstitutionally of her property.

8. Thomas Reilly, Attorney General for the Commonwealth of Massachusetts is being sued herein professionally and personally for his misuse of a public charity, responsibility of the public funds supervised and held by him in a public charity known as the Animal Rescue League and responsible for the supervision and training of his employees, agents and responsible to report fraud and misuse of public funds. "Reilly" at all material times has a duty, is responsible and duly elected employed by the Commonwealth of Massachusetts during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct, misuse of funds perpetrated by the Animal Rescue League.

9. Animal Rescue League, hereinafter "ARL" a corporation, incorporated in the Commonwealth of Massachusetts, a public charity and animal shelter is being sued for deprivation of Plaintiff's property the unconstitutional taking, for fraud, animal abuse, misuse of the public's trust, at all material times herein has a duty, responsibility to Plaintiff has unlawfully withheld medical treatment to Plaintiff's property irreparably harming her beloved Persians, unethical treatment of animals and deprivation of her protected constitutional rights of property.

10. Arthur Slade, President of the Animal Rescue League, named a Defendant herein and is being sued in both his professional capacity as an employee of the Animal Rescue League and individually responsible to Plaintiff Erickson and responsible for the supervision and training of his employees, agents and responsible to report animal abuse, and veterinarian malpractice. "Slade" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and others of the Animal Rescue League.

11. Paul J. Brennan, Chairman ARL named a Defendant herein and is being sued in both his professional capacity as an employee of the Animal Rescue League and individually fraud, malfeasance, waste, inefficiency, neglect of duty, misconduct not in the best interests of the Public's Trust, and for her responsibility to Plaintiff Erickson and responsible for the care and protection of Ms. Erickson's beloved Persians, and responsible to report animal abuse, and veterinarian malpractice. "Brennan" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and others of the Animal Rescue League.

12. Jami A. Loh, Treasurer, named a Defendant herein and is being sued in both her professional capacity as an Treasurer of the Public Trust known as Animal Rescue League and

3

individually for fraud, malfeasance, waste, inefficiency, neglect of duty, misconduct not in the best interests of the Public's Trust, and for her responsibility to Plaintiff Erickson and responsible for the care and protection of Ms. Erickson's beloved Persians, and responsible to report animal abuse, and veterinarian malpractice. "Loh" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and others of the Animal Rescue League.

13. Kathleen D. Garvey, named a Defendant herein and is being sued in both her professional capacity as an Trustee Member of the Board of the Public Trust known as Animal Rescue League and individually for fraud, malfeasance, waste, inefficiency, neglect of duty, misconduct not in the best interests of the Public's Trust, and for her responsibility to Plaintiff Erickson and responsible for the care and protection of Ms. Erickson's beloved Persians, and responsible to report animal abuse, and veterinarian malpractice. "Loh" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and others of the Animal Rescue League.

14. Mrs. Jeffery E. Marshall, named a Defendant herein and is being sued in both her professional capacity as an Trustee Member of the Board of the Public Trust known as Animal Rescue League and individually for fraud, malfeasance, waste, inefficiency, neglect of duty, misconduct not in the best interests of the Public's Trust, and for her responsibility to Plaintiff Erickson and responsible for the care and protection of Ms. Erickson's beloved Persians, and responsible to report animal abuse, and veterinarian malpractice. "Loh" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and others of the Animal Rescue League.

15. Richard A. Hall, As Trustee Former Chairman, named a Defendant herein and is being sued in both his professional capacity as an Trustee Member of the Board of the Public Trust known as Animal Rescue League and individually for fraud, malfeasance, waste, inefficiency, neglect of duty, misconduct not in the best interests of the Public's Trust, and for his responsibility to Plaintiff Erickson and responsible for the care and protection of Ms. Erickson's beloved Persians, and responsible to report animal abuse, and veterinarian malpractice. "Loh" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and others of the Animal Rescue League.

16. Dr. Holly Kelsey, As Trustee Member of the ARL Board, named a Defendant herein and is being sued in both her professional capacity as an Trustee Member of the Board of the Public Trust known as Animal Rescue League and individually for fraud, malfeasance, waste, inefficiency, neglect of duty, misconduct not in the best interests of the Public's Trust, and

4

for her responsibility to Plaintiff Erickson and responsible for the care and protection of Ms. Erickson's beloved Persians, and responsible to report animal abuse, and veterinarian malpractice. "Loh" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and others of the Animal Rescue League.

17. The Estate of Mrs. Alexander H. Bright, and Ms. Bright, Trustee to the Estate of Mrs. Alexander Bright, as Trustee and Member of the ARL Board during the time material herein, named Defendant herein and is being sued in both her professional capacity as an Trustee Member of the Board of the Public Trust known as Animal Rescue League and individually for fraud, malfeasance, waste, inefficiency, neglect of duty, misconduct not in the best interests of the Public's Trust, and for her responsibility to Plaintiff Erickson and responsible for the care and protection of Ms. Erickson's beloved Persians, and responsible to report animal abuse, and veterinarian malpractice. "Bright" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and others of the Animal Rescue League.

18. Sierra Bright, As Trustee Member of the ARL Board As Trustee Member of the ARL Board, named a Defendant herein and is being sued in both her professional capacity as an Trustee Member of the Board of the Public Trust known as Animal Rescue League and individually for fraud, malfeasance, waste, inefficiency, neglect of duty, misconduct not in the best interests of the Public's Trust, and for her responsibility to Plaintiff Erickson and responsible for the care and protection of Ms. Erickson's beloved Persians, and responsible to report animal abuse, and veterinarian malpractice. "Bright" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and others of the Animal Rescue League.

19. Stuart B. Strong, Jr., As Trustee Member of the ARL Board As Trustee Member of the ARL Board, named a Defendant herein and is being sued in both his professional capacity as an Trustee Member of the Board of the Public Trust known as Animal Rescue League and individually for fraud, malfeasance, waste, inefficiency, neglect of duty, misconduct not in the best interests of the Public's Trust, and for his responsibility to Plaintiff Erickson and responsible for the care and protection of Ms. Erickson's beloved Persians, and responsible to report animal abuse, and veterinarian malpractice. "Strong" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and others of the Animal Rescue League.

20. John L. Worden, III, As Trustee Member of the ARL Board As Trustee Member of the ARL Board, named a Defendant herein and is being sued in both his professional capacity as an

5

Trustee Member of the Board of the Public Trust known as Animal Rescue League and individually for fraud, malfeasance, waste, inefficiency, neglect of duty, misconduct not in the best interests of the Public's Trust, and for his responsibility to Plaintiff Erickson and responsible for the care and protection of Ms. Erickson's beloved Persians, and responsible to report animal abuse, and veterinarian malpractice. "Worden" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and others of the Animal Rescue League.

21. June E. Shank, as Trustee Member of the ARL Board, named a Defendant herein and is being sued in both her professional capacity as an Trustee Member of the Board of the Public Trust known as Animal Rescue League and individually for fraud, malfeasance, waste, inefficiency, neglect of duty, misconduct not in the best interests of the Public's Trust, and for her responsibility to Plaintiff Erickson and responsible for the care and protection of Ms. Erickson's beloved Persians, and responsible to report animal abuse, and veterinarian malpractice. "Shank" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and others of the Animal Rescue League.

22. Franklin King, Jr.; Megan Sansons; David O'Donahoe; Hewitt Morgan, Jr.; Robert Golledge, aka Roberta Golledge, Rev., as Trustees and Members of the ARL Board are named a Defendants herein and are being sued in both their professional capacity as an Trustee and Member of the Board of a Public Trust known as Animal Rescue League and individually for fraud, malfeasance, waste, inefficiency, neglect of duty, misconduct not in the best interests of the Public's Trust, and for their responsibility to Plaintiff Erickson and responsible for the care and protection of Ms. Erickson's beloved Persians, and responsible to report animal abuse, and veterinarian malpractice. Each, at all material times have a duty, are responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed to report unethical conduct perpetrated by Martha Smith and others of the Animal Rescue League.

23. Martha Smith, Employee ARL, named a Defendant herein and is being sued in both her professional capacity as an employee of a Public Trust known as Animal Rescue League and individually for malpractice, fraud, malfeasance, waste, inefficiency, neglect of duty, misconduct not in the best interests of the Public's Trust, and for her responsibility to Plaintiff Erickson and responsible for the care and protection of Ms. Erickson's beloved Persians, and responsible to report animal abuse by an animal control officer licensed by the Commonwealth of Massachusetts. "Smith" at all material times has a duty, is responsible and duly appointed and, employed by the Commonwealth of Massachusetts an agent thereof, during all relevant times hereto deprived Plaintiff her property rights secured by the Constitution and failed practice Veterinary Medicine ethically falsified legal documents and medical records.

24. Collectively the Animal Rescue League, it Trustees, Board Members, employees mentioned hereinabove are hereinafter referred to as ARL.

25. Collectively the Defendants listed hereinabove are hereinafter referred to as the Public Entity Defendants.

JURISDICTION

This action arises under the First, Fourth, Fourteenth Amendments to the United States Constitution, and the Civil Rights Act of 1870, 42 USC sec 1983 et seq.; Sec 1981, 1982, 1985, 1986; 18 USC 241 & 243; the Americans with Disabilities Act and those related to Article 14 & 15 of the Massachusetts Constitution and the Massachusetts Civil Rights Act and Common law tort and malpractice.

This Honorable Court has subject matter jurisdiction of this action pursuant to 28 USC sec 1331 s& 1343, there is no jurisdictional requirement as to the amount of damages claimed and as to counts in this Complaint which are based on state law are a basis for invoking the supplementary jurisdiction of this Court pursuant to 28 USC sec 1367a, and 42 USC 1441.

## COUNT I

DEPRIVATION OF PROPERTY BY A PUBLIC OFFICIAL AND BY
PRIVATE INDIVIDUALS PERFORMING PUBLIC FUNCTIONS
UNDER COLOR OF LAW
42 USC sec. 1983
VIOLATION 14th Amendment
Upon all Defendants
As set forth herein below and incorporated therein.

## COUNT II

DEPRIVATION OF DUE PROCESS BY A PUBLIC OFFICIAL AND BY
PRIVATE INDIVIDUALS PERFORMING PUBLIC FUNCTIONS
42 USC sec. 1983
VIOLATION 14th Amendment
Upon all Defendants
As set forth herein below and incorporated therein.

## COUNT III

DEPRIVATION OF EQUAL PROTECTION BY A PUBLIC OFFICIAL AND BY
PRIVATE INDIVIDUALS PERFORMING PUBLIC FUNCTIONS
42 USC sec. 1983
VIOLATION 14th Amendment
Upon all Defendants
As set forth herein below and incorporated therein.

## COUNT IV

NEGLIGENT TRAINING AND SUPERVISION BY PUBLIC OFFICIALS AND BY PRIVATE INDIVIDUALS PERFORMING PUBLIC FUNCTIONS
Upon Defendants Romney, Reilly, MDA employees; ARL, Slade, Brennan, Loh, Hall, Kelsey, Garvey, and Marshall.
As set forth herein below and incorporated therein.

## COUNT V

DISCRIMINATION
Americans with Disability Act and GL 151B
As set forth herein below and incorporated therein.

## COUNT VI

FRAUD, BREACH OF CONTRACTUAL DUTY BY A PUBLIC OFFICIAL AND BY PRIVATE INDIVIDUALS PERFORMING PUBLIC FUNCTIONS
MGL 93 A, 151D, 146 Sec 18
Upon all Defendants
As set forth herein below and incorporated therein.

## COUNT VII

DEPRIVATION OF 1st AMENDMENT DUE PROCESS AND EQUAL PROTECTION
Upon the all Defendants
As set forth herein below and incorporated therein.

## COUNT VIII

RICO
Fraud, conspiracy
Upon the all Defendants
As set forth herein below and incorporated therein.

## FACTS

Plaintiff relies upon her originally filed Complaint and amends, by incorporation the following:
1. This is an action for the deprivations and violations of Plaintiff's rights to her property, due process rights, her protections under the 1st, 4th, and 14th Amendments of the US Constitution, those under the Articles 14 and 15 of the Massachusetts Constitution, and the laws of the Commonwealth that Defendant's maliciously, negligently, intentionally, conspired and discriminately committed under the color of law to deprive Plaintiff those protections established by the Constitution of the United States and those provisions of the Constitution of Massachusetts.

2. On or about May and June 2003 all Defendants including Mitt Romney directly violated Plaintiff's rights by actively participating in Defendant's unlawful and fraudulent misuse of public charitable funds. In May and June 2003 Plaintiff hand delivered a letters to Romney and Reilly and the MSPCA requesting the immediate return of her beloved Persians. Romney and Reilly refused and then turned a blind eye and deaf ear to the malfeasance committed by both the MDA employees ARL and its staff in the Attorney General's Office unlawful taking, and deprivation of Plaintiff's property (colony of purebred Persians) and that the ARL Public Charity was miss-using its funds to benefit itself and those on its payroll by staging media events to drum up additional donations at Plaintiff's expense defamation of her character and to ruin her reputation and those actions to prosecute Plaintiff.

3. Again in May and June 2004 Plaintiff hand delivered multiple requests to Romney and by his actions of indifference Romney aided in the ARL, MDA and Attorney General's Office in the wrongful prosecution of Plaintiff, whereby knowing that ARL funds were being misused for that purpose not used to supply necessary medical care, and training of staff to care for her animals. Romney directly and/or indirectly violated Plaintiff's rights by being deliberately indifferent to his Departments (MDA) and the ARL as a Public Charity in both the statutory and corporate duties of each to halt Defendants unlawful, tortuous and unconstitutional acts.

4. On or about May 2003 Thomas Reilly directly violated Plaintiff's rights by actively participating in Defendant's unlawful and fraudulent Quarantine and misuse of funds. Reilly was informed on the Defendant Animal Rescue League unlawful taking, and deprivation of Plaintiff's property (colony of purebred Persians) and that this Public Charity was miss-using its funds to benefit itself in staging media events to drum up additional donations at Plaintiff's expense defamation of her character and to ruin her reputation. All the while he know that the ARL was misusing the publics funds necessary to supply adequate medical attention and care to animals to fund the staging of animal rescues which resulted in euthanizing the allegedly "rescued animals", and the misuse those public funds privately streamlined to aid in the Commonwealth's fraudulent prosecution of fraudulent criminal charges against Plaintiff June 2003 and to aid in the prosecution of Plaintiff, whereby its funds was not used to supply necessary medical care, and training of staff to care for her animals. Reilly indirectly violated Plaintiff's rights by being deliberately indifferent to his Departments (MDA) and the ARL as a Public Charity in both the statutory and corporate duties of each to halt Defendants unlawful, tortuous and unconstitutional acts.

5. During 2003 and 2004 because the ARL failed to adequately train, supervise and provide necessary veterinary care several very valuable purebred Persians, unlawfully seized by it owned by Plaintiff died due to neglect and malpractice caused by living in a shelter and the inadequacy of the ARL's care.

6. On or about June 2003 Lorraine O'Connor of the Massachusetts Department of Agricultural Resources, Bureau of Animal Health (MDA) issued a fraudulent quarantine upon the ARL's request to make a legal argument to the Federal Court that Ms. Erickson's Persians could not be inspected by her veterinarian. The MDA aided in the malfeasance of the ARL, did

obstruct justice, did defraud upon the Federal Court, and meant to deprive Ms. Erickson's of her property, to allow the ARL to commit numerous acts of animal abuse and malpractice.

7. On March 16th, 2004 Catherine Lund, DVM, feline practitioner evaluated each of Ms. Erickson's Persians held by the ARL at the ARL and found that there are not receiving adequate medical care for the conditions they have especially the causative agent for the quarantine and if this causative agent had been present in June 2003 when the quarantine was issued the colony if properly treated should not still be infected. The Persians are in a 'made to keep them ill routine' committed by the ARL staff and veterinarian.

8. To date O'Connor refuses to release the Quarantine issued by her in June of 2003, refuses to transport the Persians to Erickson's home where they will receive adequate medical attention, love and both their physical and emotional needs could be meet, refuses to report the medical/veterinarian malpractice she knows and/or should know to be wrong and knows and/or should know that the Persians have gotten worse as a result of the quarantine, and the-less-then-adequate care that the ARL is provides failing adequately in its medical care for them in their current condition. O'Connors knows and or should know her actions are not in the best interests of the Persians. And she fails to report the ongoing malpractice and animal abuse despite receiving objective evidence establishing the ARL is committing animal abuse and failing to adequately treat Ms. Erickson's beloved Persians in order to deprive Ms. Erickson of her property and O'Connor's actions are not in the best interest of her Persians.

9. On June 2nd, 2004 all the ARL Board Members have refused to return Plaintiff's property properly received a demand letter issued by Plaintiff upon them for the immediate return of her beloved Persians. Plaintiff claims the ARL and each associated with it both professionally and personally liable to Plaintiff and that they are responsible for their acts of deprivation of her property, demanding her property returned immediately and reporting acts of malpractice and animal abuse by its staff. For the last year since May 2003 the ARL Board has been fully cognizant of the malpractice, inadequacies of veterinarian treatment, and the misuse of the funds they each were entrusted with by the public. The ARL Board has condoned the misuse of public funds, condone the reporting of fraudulent medical records, and veterinarian malpractice.

10. On June 30th, 2004 Gillespie and O'Connor and Mitchell and Lage received photographs, lab tests and attested statement citing a feline practitioners advice that the ARL had not failed to provide adequate treatment for Ms. Erickson's Persians despite lab tests and result. The photographs demonstrate that their tiny eyes red, inflamed and highly irritated that they have been continuously exposed to filthy contaminated ambient air. Ms. Erickson has made several demands upon the Department of Agriculture for the humane return of her beloved Persians. Ms. Erickson supplied facts that these Persians was being mistreated by the ARL who are failing to provide adequate veterinary care and no love to them that is necessary.

11. Ms. Erickson has carbon copied and faxed letter's to Mitt Romney for his attention, and assistance to his department (MDA) who maintains the unlawful custody and continuous mistreatment of her beloved Persians. Plaintiff's fully informed Romney of her disability and the use of her Persians as an accommodation to her disability. Romney has a duty to

Plaintiff and her property protected by the US Constitution and the Massachusetts Declaration of Rights. Romney commits wrongs by his unlawful possession of and his denial to access Plaintiff's property and to keep these gentle creatures under a fraudulent quarantine while maliciously failing to provide these little gentle creatures with adequate veterinarian care, and doing so intentionally to maliciously and purposefully inflict great emotional distress upon Plaintiff to the point that no human in a civilized world should be expected to endure such a magnitude of malice and intentional emotional distress and to deprive Plaintiff of her rights to due process and to posses her property. Refuses to instruct his Department of Agriculture to release Ms. Erickson's Persians for their benefit immoral and inhumane.

12. Ms. Erickson believes that Romney's responsibility to oversee the Department of Agriculture who will attempt to destroy her beloved Persians a inhumane and unnecessary action of retaliation for her filing this Complaint and that he will continue to hold against her right, depriving her of her property, companionship and continue the unethical treatment and quarantine of Ms. Erickson's beloved Persians without intervention from the Federal Court. Dr. Lund is of the opinion that the Persians are not receiving proper medical attention for the *tinea titus* and could be with Ms. Erickson's care and that their current conditions do not raise to the level to recommend euthanasia but raise concerns of malpractice, ethical consideration of treatment and current unnecessary harm upon these gentle creatures who are not a threat to Ms. Erickson nor the general population.

## COUNTS I-VIII
## VIOLATION OF 42 USC sec 1983

13. The actions of the Governor and Attorney General, the Massachusetts Department of Agriculture (MDA) and the ARL Trustees and/or Board Members belie the public trust, each and their employees in their acts to deprive Plaintiff her property and with intent to destroy it, deprive it of adequate medical treatment, harm it and to maliciously promote intentional inflictions of emotional distress upon Plaintiff a wrongful deprivation actionable under 42 USC sec 1983.

14. The Governor and Attorney General, the Massachusetts Department of Agriculture (MDA) and ARL Trustees and employees and each of them individually and jointly Public Entity Defendants, under the color or authority and pretenses of the statutes, laws, regulations, customs and usages of the Commonwealth of Massachusetts were clothed with the authority of the State and were purporting to act thereunder.

15. The acts of Romney, Reilly and the MDA and the ARL Defendants, individually and through their agents, servants and employees, and each of them, were clearly supported by the power, property and prestige of the State Government which imbued them with the power and prestige of Government officials. As a consequence individually and through their agents, servants and employees, and each of them, were acting under the color or authority and pretenses of the statutes, laws, regulations, customs and usages of the Commonwealth of

Massachusetts and the United States. Defendants, and each of them, were clothed with the authority of the State and were purporting to act thereunder.

16. The action against Romney, Reilly and the MDA and the ARL Defendants, individually and through their agents, servants and employees, for violations to and deprivations of constitutional rights and privileges under color or authority of State law, is actionable under 42 USC section 1983.

17. Romney, Reilly and the MDA and ARL Defendants are not immune to a civil action for Fourth Amendment violations by state officials acting in their official capacity.

18. Damages are an appropriate and judicially manageable remedy for an invasion of personal interests in liberty, for the case presents a focused remedial issue without difficult questions of causation and valuation, and there are no applicable special factors counseling hesitation in the absence of affirmative action by Congress.

19. The actions of each Romney, Reilly and the MDA and ARL Defendants violated Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.

20. The actions of each Romney, Reilly and the MDA and ARL Defendants impeded and hindered the course of justice with the intent to deny Plaintiff the equal protection of the laws.

21. As a direct and proximate result of the outrageous and wrongful acts of each of the MDA and ARL Defendants, Romney and Reilly, plaintiff suffered the loss of companionship, her property and a separate and unique bond, severe emotional and physical distress, pain and suffering, mental anguish, pain and suffering.

22. Plaintiff is entitled to recover any and all actual damage, in a sum to be determined according to proof at trial, proximately caused by the wrongful acts complained of and alleged herein.

23. Romney, Reilly and the MDA and ARL Defendants and each of them individually and in concert acted willfully, maliciously, intentionally, oppressively, and in wanton and reckless disregard of Plaintiff's constitutional rights, her property and the possible consequences of their conduct including inhumane treatment of a gentle animal. Accordingly, Plaintiff is entitled to and hereby demands punitive and exemplary damages by way of punishing and deterring the Public Entity Defendants in an amount of no less then 10 Million Dollars. ($10,000,000.00).

24. The actions of Romney, Reilly and the MDA and ARL Defendants, jointly, and severally, entitle Plaintiff to an award of exemplary and punitive damages.

Respectfully submitted by,
Heidi K. Erickson, *pro se*
July 19th, 2004

*I attest to the above facts as true. Signed under the pains and Penalties of Perjury.*

12