UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 04-

**04 -11607 DPW**

HEIDI K. ERICKSON
    Plaintiff

v.

MEMORANDUM OF SUPPORT ON MOTION FOR PRELIMINARY INJUNCTION

COMMONWEALTH OF MASSACHUSETTS
MITT ROMNEY, ET AL
    Defendants

1. The Court should grant a preliminary injunction to be heard on short order, in favor of the Plaintiff where: (a) the Plaintiff will suffer injury if the injunction is not granted; (b) such injury outweighs any harm which granting injunctive relief would inflict on the defendants; (c) the Plaintiff has exhibited a likelihood of success on the merits, and; (d) the public interest will not be adversely affected by the granting of the injunction. *Planned Parenthood League of Massachusetts v. Bellotti*, 641 F.2d.1066, 1009 (1st. Cir. 1981); *Narragansett Indian Tribe v. Guilbert*, 934 F.2d. 4, 5 (1st Cir. 1991). In balancing the elements of this test, the Plaintiff is entitled to the relief she seeks if:

   > The harm caused Plaintiff without the injunction, <u>in light of</u> the Plaintiff's likelihood of eventual success on the merits, outweighs the harm the injunction will cause Defendants.

   *United Steelworkers of America v. Textron, Inc.*, 836 F.2d. 6, 7 (1st Cir. 1987), citing *Vargas-Figueroa v. Saldana*, 826 F.2d. 160, 162 (1st Cir. 1987) (emphasis original). The more foreseeable the Plaintiff's ultimate success on the merits, the less weight the Court accords the Defendant's prospective loss. *SEC v. World Radio Mission*, 544 F.2d. 535, 541 (1st Cir. 1976). The Plaintiff here has met these standards.

2. The Plaintiff will surely suffer grave injury, both emotional and physical from the destruction of her beloved Persians if the Defendant destroys them, as is their plan, on or after July 19th, 2004.

3. The harm that is placed upon Defendant Massachusetts Department of Agricultural Resources (MDA) from a restraining order being placed upon it from destruction, euthanasia or harming Plaintiff's beloved Persians or one that restrains it from requiring conditions that both the US Department of Agriculture, Centers For Disease Control in Atlanta Georgia, and a Licensed Doctor of Medicine who is Board Certified in Feline Medicine all of the opinion unnecessary is a harm that is next to negligible to nothing and should not hamper for one second the immediate return of Plaintiff's Persians

4. The MDA will be unable to demonstrate that it will circum to harms that could outweigh the importance of the return of Ms. Erickson's property and those harms that the deprivation of

1

her beloved property, currently suffering at the incompetent hands of the Animal Rescue League and the lack of human contact that is emotionally damaging them to the point of psychological damage to each Persians is a bar that Defendant's will not reach in any argument that it may concoct.

10. Finally the MDA refuses to inspect Plaintiff's home to see if in fact the conditions could be meet for the facility, while Plaintiff invited the MDA's staff veterinarians to supervise together with her veterinarians the MDA ignored and refuses to inspect Ms. Erickson's home because it's intent has been to deprive Ms. Erickson of her property not to inquire to see if Ms. Erickson could reach its unrealistic and irrelevant, intentionally impossible requirements. Therefore, Plaintiff demonstrates she has a likelihood of success on the merits of this dispute.

11. As such, Plaintiff has a constitutionally protected property interest in her beloved Persians being pretextually withheld under a sham quarantine in violation of all decency, constitutional protections and because Commonwealth may not deprive Plaintiff of her property, either constitutionally or humanely without a otherwise due process hearing. Because the MDA has threatened to euthanize and/or otherwise destroy Plaintiff beloved Persians without due process, and denied her requests for reasonable mediation, transfer Plaintiff is likely to prevail on her claim.

12. Furthermore, there is no consistency as to MDA's policy as its tries to require constraints and conditions for Ms. Erickson's companionship of her beloved pets. The Plaintiff has a reasonable likelihood of prevailing on this defense.

## IRREPARABLE HARM

13. If the injunction is not granted, Plaintiff will clearly suffer great irreparable harm and her beloved Persians will be destroyed unnecessarily.

## BALANCING OF HARMS

14. Balancing the irreparable harm to the Plaintiff and her likelihood of success on the merits against any potential harm to the Defendant or public interest, the scale greatly tips in favor of the Plaintiff. The Plaintiff is the owner of her beloved Persians (gentle creatures who do not leave the house) a highly educated, third generation Persian breeder, who has attended medical school, have been employed by veterinarians understands disease transmission, infection control, microbiology, air quality, quarantine and sanitation. Plaintiff has been suffering the consequences of a prolonged deprivation of her beloved Persians and aggravations to her disability that have incapacitated her at times formerly accommodated by these gentle creatures. Plaintiff's home is not open to the public and her beloved Persians poses no threat to any one, has broken not laws nor is not unlawful for her Persians to live with her and the law provides people in Massachusetts may live free from oppressive government restraints and those pursuant to the 14th Amendment to the US Constitution. Clearly, the balance of harms tips in favor of the Plaintiff.

15. Furthermore, the greater the irreparable harm shown by the Plaintiff, the lower her burden is with respect to success on the merits.

> Since the goal is to minimize the risk of irreparable harm, if the moving party can demonstrate both that the requested relief is necessary to prevent irreparable harm to it and that granting the injunction poses no substantial risk of such harm to the opposing party, a substantial possibility of success on the merits warrants issuing the injunction.

*Packaging Indus. Group, Inc. v. Cheney, supra*, 380 Mass. At 617, n.12. Clearly, Plaintiff faces immense irreparable harm (the loss of her companions). Granting the injunction poses no threat to anyone. Therefore, the Plaintiff need only demonstrate a substantial possibility of success, which she has clearly shown, for the Court to issue a Preliminary Injunction let alone a temporary order of 10 days until it issues a Preliminary Injunction.

16. The Court should grant a preliminary injunction in favor of the Plaintiff where: (a) the Plaintiff will suffer injury if the injunction is not granted; (b) such injury outweighs any harm which granting injunctive relief would inflict on the defendants; (c) the Plaintiff has exhibited a likelihood of success on the merits, and; (d) the public interest will not be adversely affected by the granting of the injunction. *Planned Parenthood League of Massachusetts v. Bellotti*, 641 F.2d.1066, 1009 (1st. Cir. 1981); *Narragansett Indian Tribe v. Guilbert*, 934 F.2d. 4, 5 (1st Cir. 1991). In balancing the elements of this test, the Plaintiff is entitled to the relief she seeks if:

> The harm caused Plaintiff without the injunction, in light of the Plaintiff's likelihood of eventual success on the merits, outweighs the harm the injunction will cause Defendants.

*United Steelworkers of America v. Textron, Inc.*, 836 F.2d. 6, 7 (1st Cir. 1987), citing *Vargas-Figueroa v. Saldana*, 826 F.2d. 160, 162 (1st Cir. 1987) (emphasis original). The more foreseeable the Plaintiff's ultimate success on the merits, the less weight the Court accords the Defendant's prospective loss. *SEC v. World Radio Mission*, 544 F.2d. 535, 541 (1st Cir. 1976). The Plaintiff here has met these standards.

WHEREFORE Plaintiff respectfully requests this Honorable Court grant her the relief she seeks, and all other relief it deems fair and just including an immediate hearing and short order notice.

Respectfully submitted by:

I sign hereon attesting that the above paragraphs and the attached Memorandums are true under the pains and penalties of perjury.

Heidi K. Erickson, *pro se*
July 19th, 2004

- Plaintiff herein requests that if the Defendants attempt to argue their importance, and/or harms that she be provided any responsive pleading 3 days before a hearing is to be conducted on the Preliminary Injunction.

3