## AFFIDAVIT OF BRAD MITCHELL

My name is Brad Mitchell. I have worked for the Department of Agricultural Resources (formerly Department of Food and Agriculture) for over 10 years. I am currently the Director of the Division of Regulatory and Consumer Services as well as Acting-Director of the Division of Animal Health, Dairy Services and Biosecurity. As Acting Director of the latter Division, I am designated as the Director of Animal Health as referenced in Massachusetts General Laws c. 129, section 1.

Dr. Lorraine O'Connor is a Veterinarian who works within the Division of Animal Health, Dairy Services and Biosecurity. On about June 9, 2003, Dr. O'Connor placed a quarantine on a colony of Persian cats in the custody of the Animal Rescue League (ARL) at their facility in Pembroke. The animals were quarantined due to an epidemic of ringworm within the colony. Ringworm is a zoonotic disease, meaning that it can infect both people and animals. The quarantine is necessary to prevent further spread of disease to either animals or people. To date, the veterinarian at ARL has not been able to rid the colony of the disease. It is Dr. O'Connor's assessment that ARL has treated the colony appropriately for the disease, but that the treatment is complicated and of limited efficacy due to numerous other health issues that are prevalent within the colony.

Ms. Heidi Erickson, who we understand is the legal owner of the colony of cats, approached us on or about July 2, 2004 concerning the quarantine. She requested that we lift the quarantine. We explained that we could not do so as long as there was a significant risk of disease spread, and that such a risk still existed with the colony in question. Ms Erickson then requested that we release the cats, under quarantine, to her custody. While we generally do not allow quarantined animals to be moved, we agreed to allow the animals to be moved to another location under conditions set forth by the Department that were designed to ensure the integrity of the quarantine and minimize any risk of the spread of the disease. We gave Ms. Erickson 10 working days to demonstrate her ability to meet these conditions. The last day of the ten-day period was July 19, 2004. As of this date, she has failed to demonstrate her ability to meet the criteria set forth by the Department relative to the movement of the colony of cats to another location.

As of today, the Department has not yet determined our next course of action. We have not issued an order to euthanize these animals. The Department has the legal authority under Chapter 129, section 2, of the Massachusetts General Laws to order euthanasia under these circumstances. This option has been discussed, but not yet decided upon. As the Department is aware of Ms. Erickson's concern with these animals, it has been decided that no such order shall be put in place without providing Ms. Erickson with 10 business-days to offer alternatives, and explore her legal options.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS THE 20th DAY OF JULY, 2004.

_____
Brad Mitchell

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand)

on July 21, 2004