```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

HEIDI K. ERICKSON,                )
                                  )
          Plaintiff,              )
                                  )
     v.                           )  C.A. No. 04-11607-DPW
                                  )
COMMONWEALTH OF                   )
MASSACHUSETTS, et al.,            )
                                  )
          Defendants.             )
```

ORDER

On August 16, 2004, I dismissed the federal claims in this action as lacking any arguable basis in law under Section 1915(e)(2) and dismissed the state-law claims without prejudice, declining to review them under this Court's supplemental jurisdiction. Plaintiff now seeks to vacate the order of dismissal and to renew her request for injunctive relief.

In her complaint, Erickson alleged that her federal rights were being violated based on events surrounding the seizure of certain of her cats by the Department of Agricultural Resources, the placement of those cats under quarantine for ringworm by the Department, and the "threat" that the cats would be put down by the Department. In response to Erickson's motions for injunctive relief, counsel for the defendants filed a declaration stating that no decision had been made to put down the cats. See Docket No.

12.

 Plaintiff now claims that on August 18, 2004, the Department issued an order directing that the cats be put down on September 1, 2004.

 Erickson's Fourteenth Amendment takings and due process claims were dismissed because a party can not litigate a takings claim in federal court when (1) there has been no final decision concerning the property at issue and (2) the party has not sought and been denied just compensation by means of an adequate state procedure.[1]  Although Erickson now asserts that a final decision to put down the cats has been made by the Department, she still has not met the second requirement for stating a takings or a due process claim:  the denial of just compensation by means of an adequate state procedure.

 Mass. Gen. Laws ch. 129, § 31, as part of an elaborate state program for animal quarantine, Mass. Gen. Laws ch. 129, § 21 *et seq.*, provides a procedure by which an aggrieved property owner may seek damages as payment for the killing of an animal by the Department and provides for arbitration followed by the opportunity to file a petition for assessment of damages in Massachusetts Superior Court if an agreement as to compensation cannot be reached.

---

[1] The federal claims against the Commonwealth were dismissed based on Eleventh Amendment immunity.

Mass. Gen. Laws ch. 129, § 31. To the extent that review under Mass. Gen. Laws ch. 129, § 31 is somehow unavailable or perceived inadequate, Erickson could also seek review under Massachusetts' certiorari provisions. See generally Mass. Gen. Laws. ch. 249, § 4 (stating that a civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or by appeal, may be brought in the Massachusetts Supreme Judicial Court or Superior Court). In any event, Erickson must pursue the matter in state court before it is ripe for federal court jurisdiction.

 Erickson conclusorily claims that no compensation is given for "unnecessary" euthanasia orders and then asserts that in "all previous state litigated cases where compensation was given [it was] totally inadequate." Motion to Vacate, p. 1. These statements are insufficient to demonstrate that she has sought and been denied just compensation; they do not demonstrate that any exception to the second requirement for a federal takings claim (e.g., the complete unavailability of any means of state redress or that utilizing such procedures would be "futile") exists. Pascoag Reservoir & Dam, LLC v. Rhode Island, 337 F.3d 87, 91 (1st Cir. 2003) (affirming dismissal; where there has been no uncompensated taking, there

is nothing to litigate under § 1983); <u>Gilbert v. City of Cambridge</u>, 932 F.2d 51, 62 (1st Cir. 1991) (plaintiff may not seek compensation in federal court for an alleged taking without first resorting to the state process).

## CONCLUSION

ACCORDINGLY, plaintiff's motions (1) to vacate the order of dismissal in this action and (2) for a temporary restraining order and to reconsider her motion for a preliminary injunction are DENIED.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>24th</u> day of <u>August</u> 2004.

<u>s/ Douglas P. Woodlock</u>
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE